IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES IVORY EDGERSON, )<br>Reg. No. 29340-009, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DEMETRIUS SANDERS, et al., )<br> )<br>    Defendants. ) | Civil Action No.<br>2:20-cv-912-WKW-CSC<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In November 2020, Plaintiff filed this action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] Doc. 1. On December 30, 2020, the Court entered an order of procedure. Doc. 9. The order directed Defendants to file a special report and answer to the complaint and also directed Plaintiff to immediately inform the Court and Defendants or Defendants' counsel of record of any change in his address. Doc. 9 at 4–5; *see also* Doc. 4 at 3. The order also advised Plaintiff that his failure to provide a correct address to this Court within 10 days following any change of address would result in the dismissal of this action. Doc. 9 at 4–5; Doc. 4 at 3.

---

[1] Plaintiff's complaint challenges the constitutionality of his treatment in federal prison, the conditions of his confinement, and the actions of personnel at Montgomery Federal Prison Camp ("Montgomery FPC") and others in implementing the directives of the U.S. Attorney General for evaluating inmates for release under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act").

The Court recently ascertained that Plaintiff is no longer at the last address he provided for service.[2] Accordingly, the Court entered on order on March 24, 2022, requiring that by April 8, 2022, Plaintiff show cause why this case should not be dismissed for his failure to comply with the orders of this Court and his failure to adequately prosecute this action. Doc. 33. The order specially advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with the order's directives would result in the Magistrate Judge recommending dismissal of this action. Doc. 33 at 2. Plaintiff has filed no response to the Court's March 24, 2022 order, and the time for doing so has expired. The Court therefore concludes that this case should be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the Court finds dismissal is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested in the prosecution of this case as he has failed to comply with the orders of the Court. Finally, under the circumstances of this case, the Court finds that any additional effort by the Court to secure

---

[2] The last address Plaintiff provided to the Court is the City of Faith halfway house in Little Rock, Arkansas. Mail sent to Plaintiff at that address in January, February, and March 2022 was returned as undeliverable. A search of the inmate database maintained by the Federal Bureau of Prisons ("BOP") (available at http://bop.gov/inmateloc) indicates that Plaintiff is no longer incarcerated by the BOP.

Plaintiff's compliance would be unavailing and a waste of the Court's scarce judicial resources.

As a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the Court and prosecute this action.

**By May 31, 2022,** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of May, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE